```
          UNITED STATES DISTRICT COURT FOR
        THE EASTERN DISTRICT OF PENNSYLVANIA

PASCALL CHAMBERS                :    CIVIL ACTION
715 Pine Street                 :
Darby, PA 19023                 :    No.  02-CV-2820
    Plaintiff                   :
                                :
         VS.                    :
                                :
FIRST UNION CORPORATION         :
One First Union Center          :
301 South College Street, TW-17 :
Charlotte, NC  28288-0960       :
                                :
         and                    :
                                :
LIBERTY LIFE ASSURANCE COMPANY  :
OF BOSTON                       :
175 Berkeley Street             :
Boston , MA 02117               :
    Defendants                  :
```

COMPLAINT

AND NOW, comes Plaintiff, Pascall Chambers, on her own behalf and by and through her undersigned counsel, to file this Complaint against the above-named Defendants, and she states the following in support of the claims enunciated below.

JURISDICTION AND VENUE

1. This is an action for equitable and legal relief brought under the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this district because this is where the breach and wrongful acts took place and at least one of the defendants may be found here.

PARTIES

4. Plaintiff is Pascall Chambers, an adult individual residing at 715 Pine Street, Darby, Pennsylvania 19023.

5. Defendant First Union Corporation is a corporation incorporated under the laws of the State of North Carolina, registered to do business in the Commonwealth of Pennsylvania, with offices located at One First Union Center, 301 South College Street, TW-17, Charlotte, NC 28288 and is the Plan sponsor of the instant Plan. Said defendant also acted through First Union's Plan Administration Committee, which was at all relevant times, the administrator of said employee benefit plan, and First Union's Benefit Committee.

6. Defendant Liberty Life Assurance Company of Boston is a corporation incorporated under the laws of the Commonwealth of Massachusetts, registered to do business in the Commonwealth of Pennsylvania, with its principal offices located at 175 Berkeley Street, Boston, MA 02117 and is the claims administrator of the short term disability Plan involved herein.

7. At all relevant times, defendant First Union Corporation was, through an Employee Benefits Committee, the Plan Sponsor and First Unions' Plan Administration Committee was the Plan administrator of an employee benefit Plan, the defendant Benefit Plan and First Union's Benefit Committee acted as an appeals authority in the processing of claims under the Plan. Defendant Liberty Life Assurance Company of Boston was the claims administrator of said employee benefit Plan.  The Plan documents were requested from the First Union Plan Administrator on two occasions and were never provided.

8. Plaintiff was, at all relevant times, an employee of First Union and a participant and beneficiary of the Plan.

9. First Union Corporation's Benefits Committee acted as an appeals authority, through an appeals committee, for claims by participants and beneficiaries.

10. Defendants First Union Corporation and Liberty Life Assurance Company of Boston, First Union's Plan Administration Committee and First Union's Benefit Committee were at all relevant times, fiduciaries under the Plan.

FACTS

11. From June 20, 2000 through November 12, 2000, the plaintiff was disabled from working due to complications of her pregnancy, initially and then after her child's birth, due to her recovery from child birth.

12. Plaintiff presented a claim for short term disability benefits on or about June 21, 2000, due to her inability to work due to complications of her pregnancy.

13. Said claim was denied by defendant Liberty Life Assurance Company of Boston on or about July 12, 2000.

14. Appeals were taken therefrom and defendants Liberty Life Assurance Company of Boston and First Union Corporation's Benefits Committee affirmed the denial of the claim, asserting that plaintiff was not entitled to benefits for short term disability. Copies of said letters are attached hereto collectively as Exhibit "B" and made a part hereof.

15. Plaintiff has exhausted her administrative remedies under the Plan.

CAUSES OF ACTION FOR PLAN RIGHTS AND BENEFITS

16. Plaintiff is entitled under the Plan to short term disability benefits under the Plan and is being denied those benefits in violation of the Plan documents.

WHEREFORE, pursuant to 29 U.S.C. §1132 (a)(1)(B), the plaintiff requests equitable and legal relief to:

a. clarify her rights to past benefits under the terms of the Plan;

b. recover benefits due to her under the terms of the Plan;

c. enforce her rights under the Plan;

d. declare the defendants to declare her eligible for short term disability benefits under the Plan;

e. award reasonable attorneys' fees and costs;

f. order the turning over of the requested Plan documents and assess applicable penalties for the failure to do so; and

g. award other remedies which the Court deems appropriate.

    ROBERT S. WALDMAN & ASSOCIATES, P.C.

BY:_____
    Robert S. Waldman, Esquire,
    Attorney for Plaintiff(s)